AXEL V. TORNFELDT *vs.* DOROTHY H. PINO.

MAY 17, 1962.

PRESENT: Condon, C.J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is a bill of complaint brought by the complainant against his stepdaughter to impose a trust upon two certain bank accounts. From a decree of the superior court entered March 30, 1961, sustaining the respondent's

390

demurrer to an amended bill of complaint but also allowing the complainant to amend the bill and granting his prayer for a preliminary injunction until further order of the court, the respondent has prosecuted her appeal to this court. G. L. 1956, §9-24-7.

The complainant, whose wife has deceased, claims that the money constituting the two bank accounts was earned by him and placed by his wife without his knowledge in the joint names of herself and that of respondent, her daughter by a previous marriage.

The decree contains three paragraphs, the third of which reads as follows: "That the prayer for a preliminary injunction be and the same is granted and the respondent is restrained and enjoined from alienating any of the monies represented by said bank accounts mentioned in said Bill of Complaint until further order of the court."

The respondent filed ten separate reasons of appeal, five of which relate to the injunction given by the trial justice while the remaining five have to do with the bill itself. We are of the opinion that the only matter properly before us at this time is that portion of the appeal which has to do with the injunction. The other reasons relate to matters within the bill which have not yet reached the stage of final decree and are not properly the subject of appeal at this time. *Lederer* v. *Rosen*, 43 R. I. 315; *McAuslan* v. *McAuslan*, 34 R. I. 462.

The respondent contends that the granting of the injunction was against the law, the facts and the rights of respondent; that complainant can obtain relief in a court of law; and finally that in the amended bill there is no prayer for an injunction.

Considering respondent's last reason out of the order in which it is stated, it clearly appears that complainant in his amended bill, which is the bill now before the court, has asked for an injunction "temporarily and permanently

restraining and enjoining said respondent as herein prayed."

The respondent appears to have discussed together the first four reasons why an injunction should not be granted and the court will therefore do the same. From the papers in the case it appears that on the day the bill of complaint was filed a restraining order was entered by a justice of the superior court. A decree was thereafter entered sustaining to an extent the demurrer to the amended bill and allowing the complainant to file a second amended bill.

From the time the bill was filed on September 17, 1959 there has been in effect a restraining order. Naturally the court knows nothing of the matters complained of except as they appear in the bill. It is evident that unless the bank accounts are protected by the court's order they could be lost. The facts as alleged relating to the bank accounts appear to be unusual, namely, that the money therein was earned mostly, if not entirely, by complainant notwithstanding which the amounts were deposited in the bank not in his name but in the names of his stepdaughter and late wife. While the court has no knowledge as to their ownership, except as alleged, until the facts can be determined it is the duty of the court to see, if requested, that the funds in the meantime are safeguarded. The trial court has already granted complainant an opportunity to perfect his bill and in the meantime has made the bank accounts secure.

After a consideration of the facts as they appear in the amended bill, we are of the opinion that the following which appears in 28 Am. Jur., Injunctions, §14, p. 502, is applicable:

"The application for a temporary injunction rests upon an alleged existence of an emergency, or of a special reason for such an order, before the case can be regularly heard, and the essential conditions for granting such injunctive relief are that the complaint alleges facts which appear to be sufficient to constitute a cause of action for injunction, and that on the entire show-

ing from both sides it shall appear, in view of all the circumstances, that the injunction is reasonably necessary to protect the legal rights of the plaintiff pending the litigation."

It is evident in the present case that unless the bank funds are protected by the court until it is reasonably determined whether the complainant's claim is well founded, there might well be nothing to satisfy a judgment or decree even though the complainant obtained such.

We are of the opinion that the decree entered by the trial justice was a proper exercise of his authority and duty to protect the bank funds pending a final decision in the matter.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Nathan E. Pass, Aram A. Arabian,* for complainant.

*Albert N. McKendall,* for respondent.